IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIATEK LICENSING LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>AMC NETWORKS INC.,<br><br>       Defendant. | CIVIL ACTION<br><br>NO. 1:21-cv-07238<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Diatek Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 3571 Far West Blvd, #3406, Austin, TX 78731.

2. Defendant AMC Networks Inc. ("Defendant") is a corporation organized under the laws of the State of Delaware. Defendant may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports products and services throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has general and specific personal jurisdiction over Defendant, consistent with due process. Defendant is registered to do business in the State of New York. Defendant also has a principal place of business in the State of New York. Further, Defendant has minimum contacts with the State of New York, and Defendant has purposefully availed itself of the privileges of conducting business in the State of New York, including through the sale and offer for sale of the accused products and/or services throughout the State of New York and this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant resides in this judicial district. Moreover, Defendant has a place of business and has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 7,079,752**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,079,752, entitled "Process for Recording a Scrambled MPEG Stream" ("the '752 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '752 patent is attached hereto as Exhibit A. The '752 patent is incorporated herein by reference.

8. The application that became the '752 patent was filed on November 20, 2000.

9. The '752 patent issued on July 18, 2006, after a full and fair examination by the USPTO.

10. The '752 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '752 patent were not well-understood, routine, or conventional when the application that became the '752 patent was filed.

12. The claims of the '752 patent, including claim 1, are directed to technical solutions to technical problems involved in allowing the use of trick mode when reading audio-video data recorded in scrambled form.

**U.S. Patent No. 8,195,828**

13. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,195,828, entitled "Method for Discontinuous Transmission, in Sections, of Data in a Network of Distributed Stations as well as a Network Subscriber Station as Requesting Appliance for Carrying Out a Method Such as This, and a Network Subscriber Station as a Source Appliance for Carrying Out a Method Such as This" ("the '828 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

14. A true and correct copy of the '828 patent is attached hereto as Exhibit B. The '828 patent is incorporated herein by reference.

15. The application that became the '828 patent was filed on November 12, 2004.

16. The '828 patent issued on June 5, 2012, after a full and fair examination by the USPTO.

17. The '828 patent is valid and enforceable and directed to eligible subject matter.

18. The elements recited in the asserted claims of the '828 patent were not well-understood, routine, or conventional when the application that became the '828 patent was filed.

19. The claims of the '828 patent, including claim 1, are directed to technical solutions to technical problems involving the implementation of trick modes in the transmission of data streams.

## COUNT I – INFRINGEMENT OF THE '752 PATENT

20. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

21. Defendant has been and is now making, using, selling, offering for sale, and/or importing products and/or services that incorporate one or more of the inventions claimed in the '752 patent.

22. For example, Defendant infringes at least claim 1 of the '752 patent, either literally or under the doctrine of equivalents, in connection with Defendant's utilization of HLS for delivery of content, including in its internal usage and testing of amc.com and to customers and viewers of amc.com, as detailed in the preliminary claim chart attached hereto as Exhibit C and incorporated herein by reference.

23. Defendant's infringing activities are and have been without authority or license under the '752 patent.

24. Plaintiff has been damaged by Defendant's infringement of the '752 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '828 PATENT

25. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

26. Defendant has been and is now making, using, selling, offering for sale, and/or importing products and/or services that incorporate one or more of the inventions claimed in the '828 patent.

27. For example, Defendant infringes at least claim 1 of the '828 patent, either literally or under the doctrine of equivalents, in connection with Defendant's utilization of HLS

for delivery of content, including in its internal usage and testing of amc.com and to to its customers and viewers of amc.com, as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

28. Defendant's infringing activities are and have been without authority or license under the '828 patent.

29. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '828 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '752 patent,

B. Entry of judgment that Defendant has infringed one or more claims of the '828 patent,

C. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

D. Pre-judgment and post-judgment interest on the damages assessed, and

E. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

F. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 27th day of August, 2021.

        /s/ *Cortney S. Alexander*
        Cortney S. Alexander
        (GA Bar 142690)
          cortneyalexander@kentrisley.com
          Tel: (404) 855-3867
          Fax: (770) 462-3299
        KENT & RISLEY LLC
        5755 N Point Pkwy Ste 57
        Alpharetta, GA 30022

        Attorneys for Plaintiff
        Diatek Licensing, LLC